**Archie ARBERRY, Plaintiff–Appellant,**

v.

**HILTON HOTELS CORPORATION,
Defendant–Appellee.**

No. 99–17266.

D.C. No. CV–96–00330–DWH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

Decided Dec. 26, 2001.

Before BRIGHT,* B. FLETCHER and FISHER, Circuit Judges.

### MEMORANDUM **

Archie Arberry appeals the district court's summary judgment in favor of Hilton Hotels Corp. in his action for employment discrimination on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112. Arberry contends that he was denied a promotion to a security officer position because he is African–American and speaks with a speech impediment.

---

* The Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

In order to defeat Hilton's motion for summary judgment, Arberry has the burden of producing evidence sufficient to create a genuine factual question as to the reasons behind his nonselection for the position. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). A factual dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A grant of summary judgment against the nonmoving party is appropriate, even where that party has produced some evidence, if no reasonable jury could return a verdict in his or her favor. *Id.* at 248–52, 106 S.Ct. 2505; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In some cases, a review of the record may reveal that the evidence is "so one-sided that [the defendant] must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. 2505.

Arberry attempts to establish a genuine factual dispute based solely on his allegation that Carol Mittwede, Hilton's Human Resources Director, who had no role in making the decision not to promote Arberry, told him that as long as he is black and has a speech impediment, he never would receive a promotion. Mittwede and Hilton vigorously deny this allegation, which Arberry raised very late in the process, only after the Equal Employment Opportunity Commission and the Nevada Equal Rights Commission had determined that Arberry did not have enough evidence to sustain a charge of discrimination against Hilton. Hilton produced evidence that, during the time in question, it employed an African–American security officer and several others with disabilities, including one officer with a speech impairment. Furthermore, Hilton presented evidence that Arberry was hostile and belligerent during his interview with the security department and that his attitude was a significant reason for his nonselection for the position.

Taken as a whole, the evidence is insufficient to permit a reasonable jury to return a verdict for Arberry.

AFFIRMED.